### LOGAN et al. v. LEE.   (No. 1540.)

(Court of Civil Appeals of Texas. El Paso. Dec. 13, 1923.)

1. **Boundaries** &#8660;36(5)—**Admitting corrected field notes not error.**

Where, in a boundary dispute, plaintiff offered in evidence corrected field notes of a section in block 5 and also of a section in block 6, made in a resurvey in 1889, and the surveyor testifying for plaintiff stated he used the corrected field notes in locating his starting point at a common corner, there was no error in admitting defendant's evidence of corrected field notes of block 5 made on resurvey in 1889, which made more definite and certain the original locations.

2. **Boundaries** &#8660;11—**Land may be located from established corners of other section tied thereto.**

Where sections 11, 26, and 41 were a part of block 2, and section 11 was tied to the marked corners of section 79, there was no

error in permitting location of land in section 11 from established corners in 79.

Error from District Court, Presidio County; C. R. Sutton, Judge.

Trespass to try title by Charles C. Logan and others against J. J. Lee. Judgment for defendant, and plaintiffs bring error. Affirmed.

W. Van Sickle, of Alpine, and F. G. Morris, of El Paso, for plaintiffs in error.

Whitaker & Peticolas, of El Paso, for defendant in error.

HIGGINS, J. Plaintiffs in error, the owners of section 41, block 2, D. & P. Ry. Co. survey, in Presidio county, brought this suit against J. J. Lee the owner of the S. E. ¼ of section 26, in said block, in trespass to try title, the issue being the location of the common boundary line between the two sections. Section 26 is situate north of 41.

Verdict was returned and judgment rendered in favor of Lee.

The Wm. Hadden survey, No. 17, was located in 1855, with field notes as follows:

"Beginning a rock mound on the side of a hill from which a spring known as the spring of the Rancho Viejo bears east 100 vrs. and a hackberry 12 in in dia bears S. 50° E. 37 varas; thence S. 50° E. 950 vrs. to a stake; thence N. 40° E. 950 vrs. to a rk. mound; thence N. 50° W. 950 vrs. to a stake; thence S. 40° W. 950 vrs. to the beginning."

Survey 1 in block 6, H. & T. C. Ry. survey was originally surveyed May 16, 1875, with field notes as follows:

"Beginning at a rock mound from which the N. E. Cor. of Sur. No. 17 made by virtue of bounty land certificate No. 801, issued to William Hadden by Ben F. Hill, Agt. Gen. on the 11th April, 1851, for 320 acres bears S. 45° W. 707 varas; thence N. 1,900 vrs. to mound; thence W. 1,900 vrs. to mound; thence S. 1,-900 vrs. to mound; thence E. 1,900 vrs. to place of beginning."

The corrected field notes of said survey 1 according to a resurvey made by Reavis, April 8, 1889, are as follows:

"Beginning at a stone md., the S. E. corner of survey No. 1, from which a stone md., the north corner of survey No. 17, in the name of W. Hadden brs. S. 45 W. 707 vrrs.; thence north 1,900 vrs. to a stone md. its N. E. corner; thence west 1,900 vrs. to a stone md. its N. W. corner; thence south 1,900 vrs. to a stone md. its S. W. corner, from which high peak brs. N. 31° W. about 4 miles, another high peak brs. S. 27¾ E. about 5 miles; thence east at 403 vrs. canon course S. E. 940 vrs. Cibolo creek course south at 1,348 vrs. canon course, S. W. at 1882 vrs. canon course S. 1,-900 vrs. to the beginning."

Survey 1, block 5 G. H. & S. A. Ry. Co. survey was originally surveyed June 21, 1875, with field notes as follows:

"Beginning at the S. E. Cor. survey No. 1, Bk. No. 6 H. & T. C. R. R. Co.; thence N. 1,900 vrs. to N. E. Cor. said survey thence E. 1,900 vrs. to stake & m.; thence S. 1,900 vrs. to stake & m.; thence W. 1,900 vrs. to beg."

Block 5 was resurveyed by Mabry in 1889, and the field notes of his resurvey of section 1 are as follows:

"Beginning at a rock mound on east bank of arroyo the southeast corner of survey No. 1, block No. 6 made for the Houston & Texas Central Ry. Co.; thence north at 244 vrs. cross wagon road at 1,900 vrs. a rock md. the northeast corner No. 1, H. & T. C. R. R.; thence east 1,900 vrs. the northeast corner; thence south 1,900 vrs. to rock mound in valley of draw; thence west, 1,520 vrs. cross road at 1,900 vrs. to the place of beginning."

Sections 41 and 26 in block 2 were originally surveyed in 1880. Section 41 was patented March 15, 1882, with field notes as follows:

"Beginning at the S. W. Cor. of Sur. No. 40, stone mound; thence north 1,400 vrs. crossing the arroyo de Agua Caliente 500 vrs. to stone md. 1,900 vrs. in all; thence west 1,900 vrs. stone mound; thence south 1,000 vrs. crossing the arroyo de Agua Caliente 900 vrs. stone md., in all 1,900 vrs.; thence east 1,900 vrs. to the beginning."

Section 26 belonged to the school fund. The S. E. ¼ was patented November 26, 1921, with field notes as follows:

"Beginning at the S. E. Cor. of Sec. 26, also the S. W. Cor. of Sec. 27, also the N. E. Cor. of Sec. 41, all in block 2, D. & P. Ry. Co. for the S. E. Cor. of this tract of land; thence W. 950 varas for Cor.; thence N. 950 vrs. to a stone mound for Cor.; thence E. 950 vrs. to a stone mound for Cor.; thence S. 950 vrs. to the place of beginning."

Survey 1 in block 2 was patented March 15, 1882, with field notes as follows:

"Beginning 14 miles north and 20 miles west from the stone Cor.; being the S. W. Cor. of block No. 5, G. H. & S. A. R. R. Co. and the S. E. Cor. of block No. 6, H. & T. C. R. R. Co., which stone Cor. stands N. 40 E. 165 vrs. from the W. Cor. of Wm. Haden Sur. No. 17; thence south 1,900 vrs. stone mound; thence east 1,-900 vrs. stone mound; thence north 1,900 vrs. stone mound; thence west 1,900 vrs. to the beginning."

Block 2 contains 114 sections, and they were located by course and distance calls from section 1 without any corner calls, except for stone mounds, which cannot be found.

The original field notes of section 79 block 5, surveyed June 22, 1875, are as follows:

"Beginning at the S. W. corner survey No. 78; thence N. 1,900 vrs. to stake & md.; thence W. 1,900 vrs. to stake & md.; thence S. 1,900 vrs. to stake & md.; thence E. 1,900 vrs. to beginning."

The corrected field notes of section 79 according to the Mabry resurvey in 1889 are as follows:

"Beginning at a rock mound the northwest corner 78, this block, whence a cedar in bed of branch brs. S. 15 ¼ E. 88 vrs. do br. S. 14 ¾ E. 87 vrs.; thence west 1,900 vrs. rock mound, whence a double cedar brs. N. 33 ¼ E. about 300 vrs., and a lone cedar bush on point of mountain brs. N. 72 W. about ½ mile; thence south at 1,780 vrs. large rock monument on brink of steep hill, whence a cedar X brs. N. 86 ½ E. 29 varas, and a sharp mountain brs. S. 10 ½ E. at 1,900 vrs. southwest corner; thence east 1,900 vrs. southeast corner; thence north 1,900 vrs. to the beginning."

Section 11 in block 2, was patented March 16, 1882, with field notes as follows:

"Beginning at S. E. Cor. of Sur. No. 10, stone mounds, thence north 1,900 vrs. stone mound; thence east 1,900 vrs. to the N. W. Cor. of Sur. No. 79, block 5, G. H. & S. A. R. Co.; thence south 1,900 vrs. to the S. W. Cor. of Sur. No. 79; thence west 1,900 vrs. to the beginning."

It is contended by plaintiffs in error that section 41 must be located by running course and distance from the common corner of section 1, block 6, and section 1, block 5.

According to the testimony of their surveyor, section 41 is 4 miles east and three miles south of section 1, block 2, and in locating section 41 he began at above common corner and ran 16 miles west and 11 miles north. He also testified that his survey of 41 did not check with the calls in the original field notes for the arroyo de Agua Caliente.

Defendants in error contended that the call in the field notes of survey 11, for the northwest and southwest corners of survey 79, block 5, G. H. & S. A. Ry. Co. was of equal, if not of superior, dignity to the call for the southwest corner of survey 1, block 5, and that, it being nearer to survey 41 than the southwest corner of survey 1, block 5, survey 41 should be constructed from the corners of section 79 rather than from the southwest corner of section 1.

It is shown by the evidence that the bearing trees called for at the northwest and southwest corners of section 79 are still there, and the corners can be identified thereby. It is also shown that the northeast corner of 79 had been established and recognized for many years.

The surveyors for defendant in error located section 26, and the common line between it and 41 by running course and distance calls from the marked southwest corner of 79. The southeast corner of 26 is 7 miles west and 2 miles south of the southwest corner of 79.

Plaintiffs in error, by objections to the admission in evidence of the corrected field notes of the various surveys and also by objections to the court's charge and the refusal of charges, present the proposition that it was not permissible to construct sections 41 and 26 in the manner indicated by the surveyors for defendant in error.

[1] We are of the opinion there was no error in admitting in evidence the corrected field notes of block 5 made upon the resurvey by Mabry in 1889. Plaintiffs in error, themselves, offered in evidence the corrected field notes of section 1 in that block and the corrected field notes of 1 in block 6 made by Reavis in his resurvey of 1889, and the surveyor for plaintiffs in error testified that he used the corrected field notes in locating his starting point at the common corner of 1 in block 5, and 1 in block 6.

We think the corrected field notes were admissible under following authorities: Camp v. League (Tex. Civ. App.) 92 S. W. 1062; Finberg v. Gilbert, 104 Tex. 546, 141 S. W. 82; Myers v. Moody (Tex. Civ. App.) 122 S. W. 920; Moore v. Stewart (Tex. Sup.) 7 S. W. 711; McCormack v. Crawford (Tex. Civ. App.) 181 S. W. 485.

We do not intend to be understood as holding that these corrected field notes could be used so as to locate land different from what it was originally located. The state surveyors who made the resurveys were not authorized to change the locations as originally made, and it is not to be presumed, nor is it shown, that they undertook to do so. State v. Post (Tex. Sup.) 169 S. W. 407. The corrected field notes do not appear to have changed the locations, but merely made more certain and definite the original locations by appropriate identification of the corners by calls for fixed objects.

[2] We think, too, that, since section 11 was tied to the west line of 79, it was permissible to locate the land in controversy from the established corners of the latter section. Jones v. Burgett, 46 Tex. 284. Sections 11, 26, and 41 were all part of block 2, the block being the complete survey and the various sections parts thereof. Section 11 came first, and was tied to the marked corners of 79. The country is extremely rough, and the likelihood of error in running from these corners was much less than upon the survey made by the surveyor of plaintiffs in error, because the latter was very much longer.

For the reasons indicated, all assignments and propositions are overruled.

Affirmed.